UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEFFERY WILLIAMS,

                        Plaintiff,                        Caso No. 1:25-cv-7667

  -against-

VINTAGE INDIA NYC LLC
  and LEXINGTON 132 REALTY LLC,           **COMPLAINT AND DEMAND**
                                                             **FOR JURY TRIAL**

                       Defendants
-------------------------------------------------------------x

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Vintage India NYC LLC and Lexington 132 Realty LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

    1.     This case challenges the persistent and unlawful discrimination defendants have imposed upon individuals with disabilities. Plaintiff seeks declaratory and injunctive relief, equitable remedies, compensatory damages, and an award of attorney's fees, costs, and expenses under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., and the related implementing regulations, as well as under the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law. Defendants own, operate, lease, or control a place of public accommodation that is not accessible as required by law. They are responsible for the conduct of their agents and employees.

    2.     Defendants have deliberately disregarded their obligations to ensure accessibility, choosing instead to put profit ahead of compliance. In doing so, they have effectively decided that people with disabilities are not entitled to equal treatment. Plaintiff

1

brings this action to hold defendants accountable and to compel the modification of their premises so that they are equally open to all customers.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, as this case presents federal questions arising under the Americans with Disabilities Act, 42 U.S.C. § 12188. The Court also has supplemental jurisdiction over plaintiff's related state and city claims pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims occurred here and the public accommodation at issue is located within this District.

## PARTIES

5.  Plaintiff is and has been at all relevant times a resident of New York County, New York. He has been confined to a wheelchair since suffering a spinal cord injury at age thirteen, the result of a gunshot wound. The injury caused permanent medical impairments that substantially limit his ability to walk and restrict his range of motion.

6.  Defendants Vintage India NYC LLC and Lexington 132 Realty LLC operate, own, lease, or lease to others the premises located at 132 Lexington Avenue, New York, NY 10016. The premises is a place of public accommodation under federal, state, and city law. Each defendant is registered to do business in New York State and has operated a place of public accommodation at the premises at all times relevant to this action.

## **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

7. The Defendants qualify as owners, operators, lessors, or lessees of a place of public accommodation within the meaning of the ADA, the New York State Human Rights Law, and the New York City Human Rights Law. The premises at 132 Lexington Avenue is a facility operated by a private entity whose operations affect commerce, bringing it squarely within the scope of these statutes.

8. Numerous physical barriers exist at the premises that restrict or prevent access by plaintiff, who uses a wheelchair. Upon information and belief, the premises was constructed for first occupancy after January 26, 1993, and has undergone alterations since January 1992 that should have triggered compliance with the accessibility requirements of federal, state, and local law.

9. Plaintiff resides in New York City and regularly travels throughout the city, including to the neighborhood where the premises is located. He is able to drive independently with a vehicle outfitted with hand controls and frequently visits the area for ordinary activities such as shopping, dining, and socializing.

10. On or about July 22, 2025, plaintiff attempted to access the premises in order to shop for Indian clothing offered there, including a traditional garment known as a Kurta. Barriers at the entrance prevented him from entering. The primary entrance includes significant steps and no means of contacting staff inside for assistance. Plaintiff was humiliated and made to feel excluded and discriminated against. He knows that these barriers remain in place today.

11. Despite this experience, plaintiff continues to desire access to the store and intends to return once the facility is made accessible. The premises is less than an hour from

3

his home. However, the barriers encountered have deprived him of the equal and safe access guaranteed by the ADA Accessibility Guidelines, as well as the New York City and State Codes. The facility has not been designed, altered, or maintained in accordance with the 1991 Standards, the 2010 Standards, the Administrative Code, the Building Code of the City of New York, or the 2014 New York City Construction Code.

12. The barriers to access include but are not limited to the following:

13. INACCESSIBLE ENTRANCE. ACCESSIBLE ROUTE TO THE STORE IS NOT PROVIDED AS REQUIRED. NO ACCESSIBLE MEANS OF EGRESS. THE EXISTING STEPS AT THE ENTRANCE FORM A BARRIER TO ACCESSIBILITY. REQUIRED RAMP FOR THE STEP IS NOT PROVIDED.

Accessible routes must be provided in accordance with Section 206 and Chapter 4 of the ADA Standards. At least one accessible route must connect the site from public streets and sidewalks to the building entrance. Entrances must comply with Section 206.4, with at least 60 percent of public entrances meeting accessibility standards. Entrance doors must comply with Section 404 and be part of an accessible route under Section 402. Changes in level greater than ½ inch must be ramped under Sections 405 or 406.

14. INACCESSIBLE AISLES. CLEAR WIDTH REQUIRED FOR AN ACCESSIBLE ROUTE THROUGH THE STORE IS NOT PROVIDED. FIXTURES AND MERCHANDISE DISPLAYS FORM OBSTRUCTIONS.

Accessible routes must comply with Section 403.5.1, requiring a minimum width of 36 inches. Where the route is less than 60 inches wide, passing spaces that comply with Section 403.5.2 must be provided at 200-foot intervals. At least one accessible route

must connect entrances with all sales and service areas under Section 206.2.5.

15. LACK OF TURNING SPACE. REQUIRED CLEAR FLOOR AREA FOR WHEELCHAIR MANEUVERING IS NOT PROVIDED. AISLE CONFIGURATION BLOCKS THE ABILITY TO CHANGE DIRECTION.

Turning space must be provided as required by Section 304. A circular space with a minimum 60-inch diameter or a T-shaped space as described in Sections 304.3.1 and 304.3.2 must be provided to allow wheelchairs to turn.

16. The barriers listed above are not exhaustive. A full inspection of the premises will reveal additional barriers. To properly remedy defendants' unlawful conduct and prevent piecemeal litigation, plaintiff will require a complete inspection and reserves the right to amend this complaint to include all additional violations discovered.

17. Defendants' failure to comply with governing law has deprived plaintiff of the ability to participate in and benefit from the goods and services offered at the premises. Defendants have not met their legal obligations to adopt and enforce policies and practices that provide equal access. Their refusal to comply has left plaintiff facing a real, ongoing, and credible risk of continued discrimination.

18. Plaintiff frequents the area where the premises is located and intends to patronize the store once it is accessible, as the garments sold there are unique and desirable.

**FIRST CAUSE OF ACTION**

**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

19. Plaintiff repeats and incorporates by reference the preceding allegations as if fully set forth herein.

20. Plaintiff is substantially limited in the major life activities of walking and body

5

movement. As a result of his spinal injury, he uses a wheelchair for mobility and has restricted range of motion, qualifying as a person with a disability under the ADA.

21. The ADA imposes joint and several liability on both the owner and the lessee of a public accommodation. Under 28 C.F.R. § 36.201(b), neither may avoid responsibility by shifting obligations through a lease or other agreement. Both defendants therefore share liability for the violations alleged in this action.

22. Defendants have subjected plaintiff to disparate treatment by denying him full and equal access to their facility because of his disability. Their practices and policies have also disparately impacted him. By refusing to make their premises compliant, defendants have sent a message to plaintiff and other disabled persons that they are unwelcome and unworthy of equal treatment.

23. Defendants designed, constructed, and/or altered a facility that is not accessible to individuals with disabilities, in violation of 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(a)(1). Their public accommodation is not fully accessible and fails to provide an integrated, equal environment for persons with disabilities, contrary to 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

24. When defendants altered their premises, they failed to make the facility accessible to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406. They also failed to ensure that accessible paths of travel to primary function areas were provided, as required by 28 C.F.R. § 36.403. Section 36.406 requires that facilities altered by defendants comply with the 2010 Standards for Accessible Design, yet their premises does not meet those requirements.

25. Defendants further violated 28 C.F.R. § 36.304 by failing to remove architectural barriers where it is readily achievable to do so. Removing the barriers at issue

would not be difficult or burdensome, yet defendants have refused to act. In the alternative, defendants have violated 28 C.F.R. § 36.305 by failing to provide reasonable alternatives to barrier removal.

26. Their continued inaction constitutes a pattern and practice of discrimination against individuals with disabilities in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq. By maintaining an inaccessible place of public accommodation, defendants continue to deny plaintiff his rights under the ADA.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

27. Plaintiff repeats and incorporates by reference the allegations set forth above as if fully restated herein.

28. Plaintiff suffers from permanent medical conditions that, individually and collectively, substantially limit normal bodily functions, including walking and mobility. He therefore qualifies as a person with a disability within the meaning of New York State Executive Law § 296(21).

29. Defendants have subjected plaintiff to disparate treatment by denying him equal access to their public accommodation on the basis of disability. By maintaining and operating an inaccessible facility, defendants have discriminated against plaintiff in violation of Executive Law § 296(2). Each defendant has also aided and abetted the other in committing acts of disability discrimination.

30. Defendants have failed to remove barriers to access, even though it would be readily achievable to do so, in violation of Executive Law § 296(2)(c)(iii). In the alternative, they have failed to provide reasonable alternatives to barrier removal as required under Executive Law § 296(2)(c)(iv).

31. Making the premises fully accessible would not pose an undue hardship or burden to defendants. Their refusal to comply has caused plaintiff to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety.

32. As a result of defendants' violations of the Executive Law, plaintiff has sustained damages and will continue to suffer harm, with the full amount to be determined at trial.

## THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

33. Plaintiff repeats and incorporates the preceding allegations as if fully set forth herein.

34. Plaintiff's medical conditions substantially impair his bodily functions, including the major life activities of walking and mobility. He therefore qualifies as a person with a disability under Administrative Code § 8-102(16).

35. The Local Civil Rights Restoration Act of 2005, also known as Local Law 85, amended the Administrative Code to make clear that its provisions must be construed broadly and independently from federal and state civil rights laws. The Act directs that the City's Human Rights Law be applied liberally to achieve its uniquely broad remedial purpose.

36. Defendants have subjected plaintiff to both disparate treatment and disparate impact discrimination. By refusing to provide an accessible facility, defendants have denied plaintiff the accommodations, advantages, services, and privileges of their business on the basis of disability, in violation of Administrative Code § 8-107(4). Each defendant has aided and abetted the other in committing these violations.

37. By designing, maintaining, and operating a facility that is not accessible, defendants have engaged in ongoing disability discrimination in violation of Administrative

Code § 8-107(4) and Local Law 58. Their actions have caused plaintiff emotional harm, including humiliation, stress, and embarrassment.

38. On information and belief, defendants' refusal to comply with longstanding accessibility requirements was intentional, reckless, and undertaken with disregard for plaintiff's rights under the Administrative Code. This conduct entitles plaintiff to punitive damages under Administrative Code § 8-502.

39. By operating a noncompliant facility, defendants have also profited from their unlawful conduct. They collected revenue from a space that should have been accessible and retained funds they should have spent on compliance. These unlawful profits, plus interest, must be disgorged.

40. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

41. Plaintiff repeats and incorporates the foregoing allegations as though fully restated herein.

42. Defendants' conduct constitutes unlawful discrimination against plaintiff within the meaning of the New York State Executive Law, and accordingly falls within the protections of the New York State Civil Rights Law.

43. As a result, plaintiff is entitled to recover the statutory monetary penalty provided under Civil Rights Law §§ 40-c and 40-d for each violation committed by defendants.

## INJUNCTIVE RELIEF

44. Plaintiff will continue to face unlawful discrimination unless defendants are required to bring their facility and practices into compliance with governing law. Injunctive

relief is necessary to compel defendants to modify their premises, operations, and policies so that their place of public accommodation is accessible. Such relief must include alterations to the facility, modifications to policies and procedures, and provision of auxiliary aids and services where appropriate, in accordance with the ADA, the New York State Executive Law, and the New York City Administrative Code.

### DECLARATORY RELIEF

45. Plaintiff is entitled to a declaratory judgment confirming that defendants have violated the accessibility requirements of federal, state, and city law. Plaintiff further seeks a declaration as to the specific modifications, alterations, and policy changes defendants must undertake to bring their place of public accommodation into compliance.

### ATTORNEY'S FEES, EXPENSES AND COSTS

46. To enforce his rights, plaintiff has retained counsel. Under the ADA, the Administrative Code, and related statutes, plaintiff is entitled to recover reasonable attorney's fees, together with the costs and expenses of this action. See 42 U.S.C. § 12205; 28 C.F.R. § 36.505; and Administrative Code § 8-502.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all**

      **business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: September 1, 2025

      Manhasset, New York

                                    Respectfully submitted,

                                      **GABRIEL A. LEVY, P.C.**
                                      Attorney for Plaintiff
                                      1129 Northern Blvd, Suite 404
                                      Manhasset, NY 11030
                                      (347) 941-4715

                                      **By:** /s/ Gabriel A. Levy, Esq.
                                      **GABRIEL A. LEVY, ESQ (5488655)**
                                      Glevy@glpcfirm.com